



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*   (203)821-3700
*157 Church Street, 25th Floor*   *Fax (203) 773-5376*
*New Haven, Connecticut 06510*   *www.justice.gov/usao/ct*

**April 23, 2021**

Douglas Jensen
Partner
White & Case LLP
1221 Avenue of the Americas
New York, NY  10020

      Re:    United States v. Norman Newman
                 Case No. 20cr47

Dear Attorney Jensen:

      This letter confirms the plea agreement between your client, Norman Newman (the "defendant"), and the United States Attorney's Office for the District of Connecticut and the U.S. Department of Justice, Consumer Protection Branch (collectively the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

      In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to count one of the indictment charging a violation of 18 U.S.C. § 1349 (Conspiracy to Commit Mail and Wire Fraud).

      The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. Between in or about February 2005 and in or about September 2016, a conspiracy existed to commit mail and wire fraud; and
2. The defendant knowingly and intentionally became a member of that conspiracy, with the specific intent to defraud.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A.

The Government will make notice as required by law to the victims of the defendant's conduct, and any victim will have to the right to be heard in connection with sentencing and the right to restitution. *See* U.S.C. § 3771.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties

*Douglas Jensen, Esq.*
Page 3

and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the Government and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the Government to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is

*Douglas Jensen, Esq.*
*Page 4*

inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1 is 7. That level is increased by 20 under U.S.S.G. § 2B1.1(b)(1)(K), based on the parties' agreement that the loss attributable to the defendant for the conduct described in Count One of the indictment and was reasonably foreseeable to him and within the scope of his conspiratorial agreement is between $9,500,000 and $25,000,000. Two levels are added under U.S.S.G. § 2B1.1(b)(2)(A) because the conspiracy involved 10 or more victims. Four levels are added under U.S.S.G. §§ 3A1.1(b)(1) and (2) because the defendant knew that the offense involved a large number of vulnerable victims. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 30.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 30, assuming a Criminal History Category I, would result in a range of 97 to 121 months of imprisonment (sentencing table) and a fine range of $30,000 to $300,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

*Douglas Jensen, Esq.*
*Page 5*

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of

*Douglas Jensen, Esq.*
*Page 6*

limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 97 months of imprisonment, a three-year term of supervised release, a $100 special assessment, and any fine or restitution the Court may order, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties

*Douglas Jensen, Esq.*
*Page 7*

provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut and with the Department of Justice Consumer Protection Branch as a result of his participation in the conspiracy to commit mail and wire fraud, which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss counts two through sixteen of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

*Douglas Jensen, Esq.*
*Page 8*

      The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

Douglas Jensen, Esq.
Page 9

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE  
ACTING UNITED STATES ATTORNEY

GUSTAV EYLER  
DIRECTOR  
U.S. DEPARTMENT OF JUSTICE  
CONSUMER PROTECTION BRANCH

_____  
HEATHER CHERRY  
ASSISTANT UNITED STATES ATTORNEY

_____  
ALISTAIR F. A. READER  
EHREN REYNOLDS  
TRIAL ATTORNEYS

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          4/23/21
NORMAN NEWMAN                               Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          4/23/21
DOUGLAS JENSEN, ESQ.                        Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Count One of the Indictment:

1. Norman Newman ("NEWMAN") was a Senior Vice President of Sales for Macromark, Inc., a New York corporation, which had offices in New York from at least as early as February 2005 until 2011 and in Connecticut from 2011 through at least September 2016.
2. Beginning at least as early as February 2005 and continuing until as late as September 2016, in the District of Connecticut and elsewhere, NEWMAN knowingly entered into and engaged in a conspiracy to supply lists of potential victims for use in fraudulent mass-mailing schemes.
    a. NEWMAN and his co-conspirators assisted fraudulent mass-mailer clients in obtaining mailing lists for their mailings;
    b. NEWMAN knew that those clients intended to defraud the thousands of consumers on those lists;
    c. NEWMAN knew the content and fraudulent character of the mass-mailings; and
    d. NEWMAN knew some of the victims of the fraudulent mass-mailings were vulnerable.
3. The object of the conspiracy was for NEWMAN and his co-conspirators to enrich themselves by helping the fraudulent mass-mailers rent the lists of potential victims to defraud. Mass-mailers compensated Macromark for brokering the rental of lists for their fraudulent mailings. NEWMAN received 55% of the commission received by Macromark for the lists he brokered.
4. The fraudulent mass mailer clients sent out deceptive letters that appeared to be personalized to each recipient when, in actuality, the same letters were sent to thousands of consumers on the mailing lists that NEWMAN provided. Each letter was intended to mislead the consumer into believing that he or she would receive a large amount of money, a valuable prize, or personalized psychic services upon payment of a fee to the mass mailers, who often operated under false names. Macromark was paid a commission for brokering the sale of lists of potential victims to fraudulent mass mailer clients, of which Newman received a percentage.
5. NEWMAN routinely requested and received sample copies of his clients' letters in the course of brokering list transactions, from which samples he understood the content and fraudulent character of some of the letters.
6. NEWMAN also received press releases and other publicly-available information about law enforcement actions against clients, such as court injunctions, arrests, and prosecutions, from which he understood that some clients were engaged in fraud.
7. In the course of brokering list transactions on behalf of fraudulent mass-mailer clients as described above, NEWMAN assisted such clients by engaging the services of data brokerage companies that operated cooperative databases, or "co-ops," which were repositories of large volumes of demographic and transactional data on tens of

*Douglas Jensen, Esq.*
Page 11

      millions of American consumers. One such company was Epsilon Data Management, LLC ("Epsilon").

8. In helping fraudulent mass mailer clients obtain victim lists, NEWMAN or others at NEWMAN's direction routinely provided samples of clearly fraudulent letters to employees of Epsilon and other data brokerage companies, who required such samples as a condition of providing consumer data to fraudulent mass mailer clients.
9. The relevant and reasonably foreseeable loss attributed to the conspiracy is at least $9.5 million.
10. During the course of the conspiracy, NEWMAN engaged in many interstate wire communications in furtherance of the conspiracy and objects.

      This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
NORMAN NEWMAN
The Defendant

_____
DOUGLAS JENSEN, ESQ.
Attorney for the Defendant

_____
HEATHER CHERRY
ASSISTANT UNITED STATES ATTORNEY

_____
ALISTAIR F. A. READER
EHREN REYNOLDS
TRIAL ATTORNEYS